■ In the Matter of Angelina M. and Others, Children Alleged to be Neglected. Joaquin C., Appellant; Commissioner of Social Services of the City of New York, Respondent, et al., Respondent. [24 NYS3d 603]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about January 6, 2015, which, to the extent appealed from as limited by the briefs, determined that appellant, who was a person legally responsible for the care of two of the subject children and was the father of the third, neglected them, unanimously affirmed, without costs.

The court properly found that petitioner satisfied its burden

of demonstrating by a preponderance of the evidence that appellant neglected the subject children based on his admissions that he punched one of the children in the face to extract a loose tooth and was diagnosed with post-traumatic stress disorder, bipolar disorder and depression, and the testimony of the caseworker concerning statements by the older children that he choked the mother in front of them, threatened to kill the mother, the children, and the caseworker, and choked one of the children (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-369 [2004]).

The children's out-of-court statements were admissible because they were cross corroborated and supported by appellant's admissions and the bruises on the mother and two of the children that were observed by different police officers (*see Matter of Nicole V.*, 71 NY2d 112, 118 [1987]; *Matter of Jadaquis B. [Sameerah B.]*, 116 AD3d 448, 449 [1st Dept 2014]).

The evidence presented as to appellant's conduct with respect to the mother and the older children was sufficient to support a finding of neglect as to the youngest child (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.